J. F. McMurray v. City of Sioux City, Appellant.

**Personal injury:** DAMAGES: INSTRUCTION. In this action for personal injury caused by a defective street, an instruction relative to the city's negligence and to plaintiff's contributory negligence, and also directing that plaintiff could only recover damages shown to be the proximate result of the injury received, is held unobjectionable as authorizing recovery for any injury which the jury might find to be the proximate result of the accident.

**Same.** It is also held that as there was no evidence of medical expense or the value of the use of plaintiff's injured hand, an instruction that the jury might consider the nature, extent and character of the injury, whether permanent or not, and the pain and suffering sustained, including past and future pain and suffering was not objectionable as permitting recovery for medical expense and the loss of the use of his hand; nor was the instruction objectionable as allowing double damages.

**Damages:** EXCESSIVE VERDICT. The allowance in this case of $1,000 damages was not excessive.

*Appeal from Woodbury District Court.*—HON. WILLIAM HUTCHINSON, Judge.

MONDAY, FEBRUARY 13, 1911.

SUIT to recover damages for a personal injury received on one of the defendant's streets. There was a verdict and judgment for the plaintiff, from which the defendant appeals.—*Affirmed.*

*F. E. Gill* and *Wright & Sargent,* for appellant.

*George W. Kephart* and *J. W. Hallam,* for appellee.

PER CURIAM.—An obstruction in one of the appel-

lant's streets threw the plaintiff from his buggy and injured his wrist. There is no question as to the defendant's negligence in permitting the obstruction of its streets, and the only questions presented for our determination arise over the instructions given by the court.

The appellant complains of the seventh and twelfth paragraphs of the instructions. It is said that the seventh paragraph authorized a recovery "on account of any injuries which he had shown he received as you find from the evidence to be the proximate result of such injuries." This paragraph of the instructions did not attempt to tell the jury what the measure of the plaintiff's recovery would be. It was directed to the subject of the defendant's negligence, and told the jury what would constitute negligence and contributory negligence under the circumstances, and the only reference made to damages was in the concluding part of the paragraph, which calls attention to the fact that the plaintiff could only recover damages which were shown to be the proximate result of the injuries received by him at the time in question; and we do not think it could have had any influence on the jury in determining the amount of plaintiff's recovery.

1. PERSONAL INJURY: damages: instruction.

The twelfth paragraph of the instructions is the one that the appellant most vigorously assails. It is said that it authorized a recovery for the loss of the use of plaintiff's hand and for the expense of medical attendance, and permitted a recovery of double damages. There was no evidence of medical expense, nor was there any evidence tending to show the value of the use of the plaintiff's injured hand, and the appellant's criticism of this paragraph of the instructions is based upon the lack of such evidence. The instruction is not as clear and concise as it might well have been made, but we are constrained to hold that, when it is considered as a whole, it fairly directed the jury that the plaintiff could only re-

2. SAME.

cover for the pain and suffering that he had already endured on account of said injuries and the pain and suffering that it was reasonably apparent from the evidence he would endure in the future. The jury was told that in considering the question of damages they might take into consideration "the nature and extent of the injury, the pain and suffering, if any, endured by him as a consequence of such injury, the character of the injury, whether permanent or otherwise, and allow him such sum as under the evidence will fairly and reasonably compensate him for the injury, pain, and suffering actually endured by him, and such as it is reasonably apparent from the evidence he will endure in the future." It is evident that the thought of the instruction was that, there not being any evidence of the value of the use of the hand nor any evidence as to medical expense, the only thing that the jury could consider under the record would be the pain and suffering already endured, and that might be endured in the future. This thought is emphasized by the following language in the same paragraph: "If the plaintiff recovers any damages, the extent of his recovery will be measured by the injury caused by his being jerked or thrown from his buggy and the pain and suffering endured in consequence thereof, but pain and suffering not being susceptible of exact measurement the amount to be allowed therefor is of necessity left to your sound judgment and discretion, to be assessed with care, judgment, and sound discretion in the light of all the evidence, and the facts and circumstances shown upon the trial." In the language last quoted, the trial court called the jury's especial attention to the subject of pain and suffering, and evidently intended the jury to understand that no recovery could be had under the evidence except for the pain and suffering that had been proven in the case.

The claim is made that the instruction in which the jury was told that plaintiff might recover for dam-

ages caused by being "thrown from the buggy and the pain and suffering endured in consequence thereof" authorized a recovery for double damages. We do not believe that the jury could have construed the language used into a warrant for allowing the plaintiff damages which had not been proven and in addition to damages on account of pain and suffering. If we are right in our construction of the paragraph as to damages other than for pain and suffering, it must certainly follow that the jury did not award double damages.

The appellant also contends that the verdict is excessive. The plaintiff recovered $1,000. The evidence shows without any dispute that his wrist was so badly injured as to cause the paralysis of a part of his hand and of two fingers. There is some question whether the injury to the hand is of such a nature that there may not be a recovery, but at the time of trial the only physician who testified said that the injury was then manifest and that he could not tell whether it would be permanent or not. He said it might be. If it be true, as the jury may have found, that the plaintiff has permanently lost the use of two fingers and a part of the hand, and that its condition may result in future pain and suffering, we are not prepared to say that the verdict is any too large. We reach the conclusion, therefore, that the judgment should stand; and it is *affirmed*.

3. DAMAGES: excessive verdict.